124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John FOGERTY, an individual, Plaintiff-Appellee,
v.
POOR BOY PRODUCTIONS, INC., a Nevada corporation; Stuart
Cook, an individual; Douglas Clifford, an individual; and
Patricia Fogerty as the Executrix of the Estate of Thomas
Fogerty, Defendants-Appellants,
 No. 96-56546.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 4, 1997
Memorandum Disposition filed August 15, 1997
Withdrawn September 12, 1997
Filed September 12, 1997
Sept. 12, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-96-4643-RMT; Robert J. Takasugi, District Judge, Presiding.
 Before: BROWNING, FLETCHER, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We have jurisdiction over this interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1).
 
 
 3
 Doug Clifford, Stu Cook, Patricia Fogerty, and Poor Boy Productions (collectively, "Poor Boy") appeal the district court's grant of a preliminary injunction to John Fogerty ("John" or "Fogerty") barring Poor Boy from performing under, advertising performances of, or otherwise using the name "Creedence Clearwater Revisited," "C.C.R.," "Creedence Clearwater Rev.," or any other name "confusingly similar to 'Creedence Clearwater Revival.' " Because we conclude that the district court clearly erred in finding a probable likelihood of confusion and in presuming irreparable harm to Fogerty, and because the balance of hardships tips in favor of Poor Boy, we reverse the district court's grant of a preliminary injunction.
 
 I. STANDARD OF REVIEW
 
 4
 Fogerty is entitled to a preliminary injunction if he shows either (1) that he probably will prevail on the merits and that he will suffer irreparable injury absent an injunction or (2) that there are serious questions on the merits and that the balance of hardships tips in his favor. E.g. Miss World (UK) Ltd. v. Mrs. America Pageants, Inc., 856 F.2d 1445, 1448 (9th Cir.1988). We will reverse the grant of a preliminary injunction only if the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous factual findings. Does 1-5 v. Chandler, 83 F.3d 1150, 1152 (9th Cir.1996). We review de novo legal questions underlying the district court's decision, id., and for clear error the district court's determination concerning likelihood of confusion. Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1352, 1355 (9th Cir.1985) (en banc).
 
 
 5
 II. FOGERTY'S LIKELIHOOD OF SUCCESS ON THE MERITS
 
 
 6
 In order to succeed on a claim under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Fogerty must establish a likelihood that Poor Boy's use of the "Creedence Clearwater Revisited" name ("Revisited") will confuse the public as to Fogerty's association with, sponsorship of, or approval of Poor Boy's performances or merchandise. Fogerty's success or failure on this claim does not depend on whether he owns the Creedence Clearwater Revival service mark or has a right to veto Doug, Stu, and Patricia's collective decision to license the mark to Poor Boy.[1] See Waits v. Frito-Lay, Inc., 978 F.2d 1093, 1109 (9th Cir.1992) ("Those with standing to bring [a false association or endorsement] claim include parties with ... a commercial interest in the misused mark."), cert denied, 506 U.S. 1080 (1993).
 
 
 7
 "A likelihood of confusion exists when consumers 'are likely to assume that a product or service is associated with a source other than its actual source because of similarities between the two sources' marks or marketing techniques,' " International Jensen, Inc. v. Metrosound U.S.A., Inc., 4 F.3d 819, 825 (9th Cir.1993) (quoting Metro Publishing, Ltd. v. San Jose Mercury News, 987 F.2d 637, 640 (9th Cir.1993)), or when "a consumer viewing a service mark is likely to purchase the services under a mistaken belief that the services are, or are associated with, the services of another provider." Rodeo Collection, Ltd. v. West Seventh, 812 F.2d 1215, 1217 (9th Cir.1987). This circuit applies an eight-factor test to assess whether confusion is likely:
 
 
 8
 (1) strength of the mark;
 
 
 9
 (2) proximity of the goods [or services];
 
 
 10
 (3) similarity of the marks;
 
 
 11
 (4) evidence of actual confusion;
 
 
 12
 (5) marketing channels used;
 
 
 13
 (6) type of goods [or services] and the degree of care likely to be exercised by the purchaser;
 
 
 14
 (7) defendant's intent in selecting the mark;
 
 
 15
 (8) likelihood of expansion of the product lines.
 
 
 16
 AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir.1979). However, this test is not a formalistic requirement constraining the district court's decision-making process. See Restatement (Third) of Unfair Competition § 21, comment a (1995) ("No mechanistic formula or list can set forth in advance" all elements contributing to the determination whether likelihood of confusion exists).
 
 
 17
 The district court properly identified the Sleekcraft test and issued factual findings purporting to satisfy that test. The district court apparently concluded that the Revisited name is confusingly similar to the Creedence Clearwater Revival name, that Creedence Clearwater Revival is synonymous with John Fogerty, and that the public likely will be confused about Fogerty's association with Revisited. On the record before us, these findings are clearly erroneous. The evidence submitted by both parties clearly demonstrates that the public was unlikely to be, and in fact was not confused about Fogerty's association with Revisited.
 
 
 18
 The Lanham Act serves two express purposes: to protect merchants against unfair competition and to protect the public against deceptive advertising and marketing tactics. 15 U.S.C. § 1127. Section 43(a) serves both purposes. Waits, 978 F.2d at 1108. Here, the record contains virtually no evidence that Poor Boy was engaged in deceptive or misleading advertising or marketing. The record contains no evidence that the American public actually was confused or led to believe that Fogerty was associated with Revisited.[2] At best, the record indicates an indeterminate risk of confusion and the existence of colorable questions on the merits. It does not support the district court's finding that Fogerty probably would prevail on the merits of his Lanham Act claim.
 
 III. IRREPARABLE INJURY
 
 19
 Upon finding that Fogerty had established the requisite likelihood of confusion, the district court presumed that he would suffer irreparable injury unless Poor Boy was enjoined from further use of the Creedence Clearwater name. See International Jensen, 4 F.3d at 827 ("[O]nce the plaintiff establishes a likelihood of confusion, it is ordinarily presumed the plaintiff will suffer irreparable harm if injunctive relief is not granted."). Because the district court clearly erred in finding that Fogerty established probable success on the merits, the court should not have presumed irreparable injury. Moreover, the district court's finding that the likely injury would include dilution of the Creedence service mark and loss of associated goodwill does not support Fogerty's claim, since he cannot assert on his own behalf a claim based on infringement or dilution of the Creedence service mark.
 
 
 20
 Finally, the presumption of irreparable injury is not irrebuttable. Fogerty's numerous statements during the period leading up to this action that he would accept a monetary settlement, and his delay of over a year between learning of Revisited's performances and applying for a preliminary injunction seriously undermine his claim of irreparable injury. Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc., 762 F.2d 1374, 1377 (9th Cir.1985) (finding that delay in requesting a preliminary injunction "implies a lack of urgency and irreparable harm"); Lydo Enter., Inc. v. City of Las Vegas, 745 F.2d 1211, 1213 (9th Cir.1984) (explaining that if money damages or other relief granted in the ordinary course of litigation can adequately compensate the plaintiff, irreparable injury probably will not follow the denial of a preliminary injunction); Los Angeles Memorial Coliseum Comm'n v. National Football League, 634 F.2d 1197, 1202 (9th Cir.1980) (noting that purely monetary injuries normally are not considered irreparable). The district court clearly erred in disregarding the evidence and simply presuming irreparable injury to Fogerty.
 
 IV. BALANCE OF HARDSHIPS
 
 21
 We also conclude that the balance of hardships favors Poor Boy and thus that Fogerty is not entitled to an injunction even if he could show the existence of serious questions on the merits. Long before Fogerty initiated this lawsuit, Poor Boy had invested considerable funds and effort into the Revisited Tour. Although Fogerty claims not to challenge the Revisited band's right to perform Creedence songs, requiring Poor Boy to change the band's name will require substantial expense and may undermine the band's opportunities to tour and perform successfully.
 
 
 22
 Fogerty claims that the hardships he faces include the public's likelihood of confusion and the continuation of the Revisited tour over his objection. This claimed hardship is closely intertwined with the merits and can be remedied through the ordinary course of litigation.
 
 
 23
 We therefore reverse the district court's grant of a preliminary injunction to Fogerty. Because this case is ongoing before the district court, we leave to that court the determination whether and to what extent Fogerty is liable under the bond.
 
 
 24
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided under Ninth Circuit Rule 36-3
 
 
 [1]
 Fogerty claims that the public is confused as to his personal involvement with Revisited, not that the public confuses Revisited with Creedence Clearwater Revival. As an individual partner in the partnership that owns the Creedence mark and that licensed the mark to Poor Boy, Fogerty cannot sue on his own behalf for "trademark dilution" under section 43(c) of the Lanham Act. 15 U.S.C. § 1125(c) ("The owner of a famous mark shall be entitled ... to an injunction against another person's commercial use in commerce of a mark or trade name, if such use begins after the mark has become famous and causes dilution of the distinctive quality of the mark.")
 The record does not support Fogerty's efforts to deny that a partnership owns the mark or that it makes decisions regarding the mark by majority vote. However, we need not resolve this issue to determine whether Fogerty is likely to prevail on his section 43(a) claim.
 
 
 [2]
 Nothing in the Lanham Act or related case law indicates that section 43(a) is designed to protect the foreign public from confusion. We therefore assign little weight to the evidence that at least one German and one Thai Fogerty fan was confused as to Fogerty's involvement in the Revisited tour